Order this morning is Martinez v. American Airlines. Ms. Galevich. Good morning. May it please the court, my name is Lou Anne Galevich and I represent the plaintiffs in this, the plaintiff John Martinez in this matter. The issue before the court today is whether or not the court erred in refusing to find a reasonable accommodation. Pardon me. While you're doing that, I wanted to just clarify the scope of your argument here. I understood from your brief that you are at this stage of the game focusing exclusively on the staff support position that he believes he should, or a staff support position if there was one and not the other two jobs that Ms. Baldonado found in the database. That's not quite accurate, Your Honor. The two jobs that were offered to Mr. Martinez, the concierge and the reservationist positions, both of those go to the reasonable accommodation argument. Okay, so again, just as a point of clarification, I understood that she identified those two jobs, the concierge and the reservation jobs, as potential jobs, but he would have actually had to have filed an application for those jobs so that perhaps a further process would happen. It was not my impression that American Airlines actually just flat out offered them to him, but you can tell me if that's wrong. No, and that's our impression as well. There were two jobs. Ms. Baldonado mentioned the two jobs to Mr. Martinez, and Mr. Martinez requested additional information from American Airlines. But he would have had to have applied, and at some later point in the application process, let's say for a reservation agent, if somebody had decided that he didn't have the necessary computer skills, he might not have been offered the job in the end. That's possible, Your Honor, but Mr. Martinez, the defendant is required to make a reasonable accommodation to an employee. I'm just trying to get through how far down the road these two jobs go, and not all the way, it sounds like. Well, they go all the way to his termination, because he was terminated for not accepting either one of those jobs. Either not accepting or not following up on, that's what I'm trying to get at. And the staff support position, do you have evidence there was an open position for which he was qualified? Well, Evita Rodriguez, the Managing Director of the American Airlines Maintenance Division, had testified that, you know, over time, there are positions that open up. In fact, the office support, and they open up often, that as well as crew chief positions, another position Mr. Martinez could have, in our opinion, could have performed those duties. But those were not offered to Mr. Martinez. Ms. Rodriguez knew that Mr. Martinez was off on medical leave, that he had returned, that he was looking for a new position, and that that was a position that Mr. Martinez could have fulfilled within the maintenance department. Staff support? Staff support, yes. But I thought he needed computer skills for that, that Microsoft Office competence was required. Well, that's what Judge Kennelly said, but that's not what Ms. Rodriguez said. She said that he would be qualified for a staff support position within maintenance. Well, I think there's some question about what she said. I understood her to be saying with the restriction to sedentary, you know, the physical demands of the job would have been met by that job. But I don't know that we're to read that as a comprehensive one. Well, Mr. Martinez had other skills as well in addition. She says there are jobs that John could do with the restrictions he had in place at the time. So he doesn't have any other restrictions other than the physical ones, right? That's correct. Okay. That's correct. But, you know, our understanding is that he could have performed that position because, I mean, he did know how to operate a computer. He was being offered by American Airlines at least one computer position, one being the reservationist position. So American Airlines seemed to think, at least at some point, that he was able to perform those duties of someone operating a computer. How much training do you think an employer is obliged to give to somebody who's in the accommodation process, you know, under the ADA, and here's this other job? And do you think the employer needs to, you know, say give computer training or needs to give any other kind of training to get someone ready for a job? Well, when it comes to training, you know, not necessarily that there's an obligation to train, but that as long as they have some skills. I mean, he would not have understood how to do a reservationist position. There would have had to have been some training. Sure. That's what I'm asking. Support staff. Some, but, you know, you don't have to send somebody off to get a two-year degree at a college, you know, so somewhere in between there. And the support staff position itself. I mean, as long as he can type and he makes data entry, he can perform Word, you know, create Word documents or send emails. Is this all covered in evidence in the case? I believe there was testimony. It might have been from the deposition of Mr. Martinez. I know there's conflicting testimony where Mr. Martinez did say that he did not understand the Internet or he did not understand, I forget the term he used, but he could use the computer. My concern is that we're drifting away from the actual evidence before the district judge on summary judgment and speculating about that and filling in blanks that we might want to fill in. But if you can direct us to the most specific evidence that there was a reasonable accommodation available, that would be helpful. Okay. Well, the best would be those two jobs that were offered to him or recommended to him, the concierge and the reservationist position. But those two positions were taken away from him. He was not given the background that he wanted. Or he didn't pursue them. Well, he asked for information about them. He wanted further information. The reservationist position was asking him to move from Chicago all the way to Arizona. He never said he wasn't going to move or he wouldn't move. He would consider relocation. But the problem here is with relocating, he needed more information regarding the position so he could share it with his family. He'd worked for American Airlines for approximately 30 years, and he was in maintenance. So this is a complete change from what he was accustomed to. He needed more information on that. Is it your position that they didn't forward any information? That's correct, yes, Your Honor. Written information. He was requesting something in writing. I thought they had some dialogue on the phone. There was some initial dialogue. They only contacted each other about three or four times initially by phone. When Mr. Martinez attempted to contact Ms. Baldonado to follow up over the next couple of months, Ms. Baldonado was very difficult to reach. She was nonresponsive. She was, I don't want to say harassing, but there was a lot of conflict. I mean, she wasn't helpful. She was not being helpful, and she was difficult to reach. So he'd have to follow up with letters. I mean, our own firm couldn't even talk to her. So he had to do it all himself to try and find out information regarding the jobs. And then the next thing he knows, he's being terminated because he didn't accept or file for those jobs online. So he wasn't given a deadline. He wasn't given any additional information, and that's one of the problems with the breakdown in the interactive process. In addition, Mr. Martinez, after he was terminated, tried to appeal and talk to Ms. Rodriguez to see if he could get his job back. And as I said before, Ms. Rodriguez was aware that Mr. Martinez had been trying to get another job. And even though his restrictions later were being lifted from his mechanics job, they weren't bringing him back to work. Okay. Anything else? If you'd like to save a minute, that's fine. Thank you. Mr. Farrington. May it please the Court, my name is Dan Farrington. I represent American Airlines. There are three jobs at issue in the appeal. There's the staff support job, and then there's the reservations and the concierge job. And I think that the legal framework for those are slightly different. And so if it pleases the Court, I'd like to tackle the staff support job first and then address the other two. The parties are in accord that the standard on summary judgment in an ADA accommodation case where the plaintiff is seeking reassignment to another position as the accommodation, the plaintiff is required to put forth evidence of the existence of a position that was vacant at the time in question for which the plaintiff was qualified. It is undisputed that the minimum posted qualifications for the staff support job included a working knowledge of Microsoft Word, Excel, and Outlook that the plaintiff did not have. He had never used those programs and he was not familiar with what they were. Could I ask you, though, it looked to me as though the reservations agent position required some similar familiarity with basic office Word products. There was no evidence presented to the district court that the reservation agent. I mean, it's all done on the computer, right? The fundamental difference between the two positions is the staff support position expected a certain fundamental knowledge of specific software programs for individuals who are coming into that position. The reservations agent position does require one to use a computer, but employees disabled and otherwise who are new to the reservations agent position are trained as part of the training process on the use of American Airlines reservation system. That's why I asked the question about training because clearly some positions that American has come with some training understood. You hire a new person in off the street and you probably have to train them as to what kind of system American happens to use for its reservations. So I don't know why a comparable amount of training wouldn't be a reasonable thing to include even for something like the staff support position. I would suggest that most jobs inside and outside of the airline industry come with some form of training. So why couldn't he be trained on Word and Excel and PowerPoint or whatever else it is? I would refer the court to Hamel versus Cheese Factory, which is a case where the plaintiff proposed as an accommodation that the employer provide individualized training for him that was not provided to other new candidates for the position. And the court held very specifically that the Americans with Disabilities Act does not require an employer to give individualized training to teach skills to an employee that are essential functions of the job. And that's the fundamental difference. So does American ever, yeah I understand, okay. Maybe you can refresh my recollection about the record. Was he also volunteering to obtain these skills on his own? Because then that wouldn't be American's burden or expense. It would be him basically getting himself some extra training. There was no evidence presented to the district court that he was doing that or had pledged to do that in connection with the staff support position. The appeal with respect to the staff support position rests on Evita Rodriguez's testimony. And I encourage the court to review her testimony on the staff support position if you haven't had a chance to do so. It's only two pages long. And what she testifies to is that some context is in order. Evita Rodriguez was a regional director of the maintenance department with overall responsibility for aircraft maintenance in five very busy cities, including Chicago O'Hare. She was a very senior manager and she was many levels removed from the staff support position. And what she testified to was that within her maintenance organization, the only sedentary job that existed was staff support. It's similar to an individual could easily show, for example, that law clerk positions exist within this court and that they're primarily sedentary jobs. That's different from showing that there is an opening and it's different from showing that an individual is qualified for it. And if you look at the testimony, what it shows is that Ms. Rodriguez was not asked and did not testify about the minimum qualifications for the position. Her knowledge of Mr. Martinez's skill sets or how those skills compared to the minimum qualifications for the position. In fact, she testified elsewhere in her deposition that she did not know what jobs Mr. Martinez might have been qualified to perform. So you're saying we need to read her statement as simply a comment on the physical demands of the job, i.e. that it's sedentary, not anything else? Judge Wood, I think if you read the two pages of her testimony, there's no other reasonable interpretation of it. Okay. And for that reason, the district court was correct to hold that the plaintiff had not met his burden at summary judgment to demonstrate that there was a vacancy in the staff support position or that Mr. Martinez met the minimum qualifications for it. The reservation and the concierge positions raise a question of whether there was a breakdown in the interactive process. Now, am I correct that he actually was never offered those jobs? They were identified as potential jobs? Is that correct? That's not correct. And if you, I would refer you to page 242 of the record where Mr. Martinez testifies in no uncertain terms that he was offered two jobs, the reservations agent position and the concierge position. So he was actually offered the jobs, which is why American is arguing that there was no breakdown? Well, there was no, there's two arguments. One is there's no breakdown, and he testified very specifically that he was offered those two jobs. But the second argument is even if there is a breakdown, there's no independent liability for a breakdown of the interactive process unless there's evidence that it leads to the denial of a reasonable accommodation. And so in this specific instance, there's no evidence that he was denied information that was necessary for him to make a decision. He includes in his brief information about the location of the positions, the pay, the effect on his seniority, and more importantly, I would submit that once you get to the summary judgment stage, Mr. Martinez had ample opportunity through the discovery process to learn everything he wanted to know about the reservations and the concierge positions. And he has not made an argument in the district court, and he has not made an argument in this court, that there was information that he was not told that had he been told at the time, he would have made a different decision with respect to those positions. And so in the absence of evidence that he was denied information that was necessary in order to accept the positions, there was no reasonable accommodation that was denied to him. And so the argument really puts form over substance in that the information was conveyed, you know, that he needed was conveyed orally. It wasn't conveyed in writing, but that's consistent with the interactive process being an informal process under case law. And so we would respectfully request that the court affirm the district court. Okay, thank you very much. Thank you. Anything further, Ms. Galovich? Let's see. Regarding the staff support position, I mean, Mr. Martinez brought a lot more to the table than just Microsoft Word and Office. I mean, he had years of experience. that is invaluable when you're talking about ordering and doing administrative work for the maintenance department. So he has a lot more background knowledge that could have come into play here. The employer was in the best position to recommend jobs to him, you know, but they told him, go out and find your own jobs. I mean, they give him a couple of jobs up front, but that's it. There were no other jobs that they were recommending to him. Is there a website that he could have browsed through? Is there anything in the record about that? There was a JetNet, which is internal, and then there was an external website that he could have accessed. Okay. But that doesn't mean that if a job is opening up, American couldn't have said, look, here's a job, go take this, you know, here's perfect for you with your qualifications and your restrictions. Let's see. Mr. Rodriguez did say that Mr. Martinez was qualified for the support staff position. I mean, we also believe that in the testimony of Mr. Rodriguez, you'll find that. Ms. Maldonado did not give Mr. Martinez. Sorry, strike that. Regarding the location, the pay, the effect on seniority, regarding the information that he had received, but there's nothing more regarding what is a concierge? What is he really going to be doing? What about a reservationist? What programs are you going to have to do? What's your day going to look like? He didn't have all of that, so he didn't know if he'd be successful or not. You know, he was a mechanic. You know, he wasn't. Okay. All right. Thank you. We thank you very much. Thanks to both counsel. We'll take the case under advisement.